IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------- :
SHAWN NELSON,                                           : CASE NO.  1:04 CV 02303
                                                        :
                                          Petitioner,   :
                                                        :
                    -vs-                                :
                                                        : MEMORANDUM AND ORDER
MARGARET BRADSHAW, Warden,                              : ADOPTING REPORT AND
                                                        : RECOMMENDATION AND
                                          Respondent.   : DISMISSING AND DENYING
------------------------------------------------------- : HABEAS PETITION

UNITED STATES DISTRICT JUDGE LESLEY WELLS

On 19 November 2004, Shawn Nelson filed a <u>pro se</u> petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  (Doc. 1).  On 12 March 2007, United States Magistrate Judge William H. Baughman, Jr. recommended the petition be dismissed in part and denied in part. (Doc. 22).  After petitioning for, and being granted, two extensions Mr. Nelson filed his objections to the report and recommendation on 23 April 2007.  Doc. 26).

---

[1]As amended, 28 U.S.C. § 2254(d) provides:
An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The parties have fully briefed all issues and the Court finds that an evidentiary hearing is unnecessary. See Rule 8(a) of Rules Governing 2254 Proceedings; 28 U.S.C. § 2254(e). For the following reasons, the Court adopts the report and recommendation of the Magistrate Judge and denies Mr. Nelson's habeas petition.[2]

## I. Background

In reviewing the record de novo, the Magistrate Judge's Report and Recommendation ("R&R), and the Petitioner's timely objections (Doc. 26), the Court will rely upon, and not repeat here, the state appellate court's findings of fact as enunciated in the R&R. See Sumner v. Mata, 449 U.S. 539, 546-47, 101 S. Ct. 764, 66 L. Ed.2d 722 (1981) (finding a presumption of correctness applies to the factual findings of a state appellate court based on the state trial record).

Mr. Nelson is currently incarcerated in the Richland Correctional Institution in Mansfield, Ohio serving a term of 12 years for aggravated robbery with specifications and having a weapon while under disability.[3]

---

[2]Petitioner's pending motion for summary judgment (Doc. 28) and motion for judgment on the pleadings (Doc. 29) are hereby denied as moot. The Court shall only consider Mr. Nelson's timely objections to the R&R.

[3]On October 29, 2001, appellant was indicted on three counts of a five-count indictment. Count One alleged aggravated robbery with one- and three-year gun specifications, as well as a repeat offender specification and notice of prior conviction. Count Three was for the unlawful possession of a dangerous ordnance, and Count Four was for having a weapon under a disability with a firearm specification. At trial, in Cuyahoga County Common Pleas Court, Count Four was tried to the bench and Counts One and Three were tried to the jury. The jury returned guilty verdicts on Counts One and Three with all specifications. Petitioner was additionally found guilty on Count Four. The trial court merged all the firearm specifications and sentenced the Petitioner to a term of incarceration of three years, to be served prior to and consecutive with a term of incarceration of nine years on Count One, eleven months on Count Three, and four years on Count Four. The

As discussed and reviewed in the Magistrate Judge's R&R, Mr. Nelson's pro se federal habeas petition asserts seven grounds for relief:

1. Petitioner was denied due process of law where the trial court denied the motion to suppress identification testimony based upon an erroneous burden of proof.

2. Petitioner's right to due process and a fair trial was violated where his criminal history was put before the jury in the absence of his own testimony.

3. Petitioner's right to confront and cross-examine adverse witnesses was violated by police testimony regarding out of court identification procedures conducted before a non-testifying witness.

4. Improper comments by the trial court to the jury violated the Petitioner's right to a fair trial by an impartial jury.

5. Petitioner's Fifth Amendment rights were violated where the indictment in this case was dismissed prior to trial, and the trial court lacked jurisdiction to hear the case.

6. Petitioner's Fifth Amendment rights were violated where the initial indictment was insufficient as a matter of law with regard to Count Four as to the degree of the Felony.

7. Petitioner's right to trial by jury and to due process of law were violated by the imposition of a sentence greater than the maximum allowable by law due to the fact findings made by the trial court rather than by the jury, where such fact findings went beyond those facts inherent in the verdict.

(Doc. 1).

Mr. Nelson has filed objections to the Magistrate Judge's R&R, challenging the reasoning and recommendation only as to grounds one, two, three, four, and six of his

---

terms of imprisonment on Counts One, Three, and Four were to run concurrent, for a total sentence of twelve years.  Mr. Nelson was re-sentenced to twelve years after a state appellate court reversed his conviction on the charge of possession of dangerous ordnance because the Court did not properly instruct the jury on the elements which comprise a "sawed-off firearm" as a dangerous ordnance.  See State v. Nelson, (Nelson I) 2003 WL 21419298 (Ohio App. 8 Dist.,2003. June 19, 2003) State v. Nelson, (Nelson II) 2004 WL 1232155 (Ohio App. 8th Dist. June 3, 2004).

habeas petition.  The Petitioner has not objected to the Magistrate Judge's recommendation to dismiss ground five of his habeas petition for failure to state a cognizable claim, nor to deny ground seven as not contrary to established federal law.

Accordingly, the Court reasonably assumes the Petitioner is satisfied with the results recommended.  Any further review of those two grounds by this Court would be a duplicative and inefficient use of the Court's limited resources.  Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of Health and Human Services, 932 F.2d 505 (6th Cir. 1991); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).  Without further review, the Court will adopt the Magistrate Judge's R&R as to grounds five and seven of Mr. Nelson's habeas petition.  The Court will now consider the Petitioner's remaining grounds for habeas relief.

## II.  Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254 , was signed into law on April 24, 1996.  The United States Supreme Court has held that the provisions of the AEDPA apply to habeas corpus petitions filed after that effective date.  See Woodford v. Garceau, 538 U.S. 202, 210, 123 S. Ct. 1398, 155 L. Ed.2d 363 (2003);  Barker v. Yukins, 199 F. 3d 867, 871 (6th Cir. 1999).  Mr. Nelson's petition was filed after AEDPA's effective date.

AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences, particularly in capital cases, and 'to further the principles of comity, finality, and federalism.' "  Woodford, 538 U.S. at 206 (citing Williams v. Taylor, 529 U.S. 362, 386, 120 S. Ct. 1495, 146 L. Ed.2d 389 (2000)).  In advancing those goals, Section 2254(d) placed new constraints on "the power of a federal habeas court to grant a state

4

prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court." Williams, 529 U.S. at 412.  Section 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The United States Supreme Court outlined the proper application of § 2254(d) in Williams v. Taylor, supra. To justify a grant of habeas relief under the "contrary to" clause, "a federal court must find a violation of law clearly established by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision." Miller v. Francis, 269 F.3d 609, 614 (6th Cir. 2001) (quoting Williams v. Taylor, supra).  "[U]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams 120 S. Ct at 1523.  The Sixth Circuit has held that, even if a federal court could determine that a state court incorrectly applied federal law, the court still could not grant relief unless it also finds that the state court ruling was unreasonable. Simpson v. Jones, 238 F. 3d 399, 405 (6th Cir. 2000).

5

When objections are received to a Magistrate Judge's R&R on a dispositive matter, the District Court "shall make a de novo determination ... of any portion of the magistrate judge's disposition to which specific written objection has been made...." Fed.R.Civ.P. 72(b). Upon review, the Court "may accept, reject or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Id; see also 28 U.S.C. 636(b)(1)(B). General objections are insufficient to preserve any issues for review; "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." Howard v. Secretary of Health and Human Services, 932 F. 2d 505, 509 (6th Cir. 1991).

### III.  Law and Argument

In parallel with the underlying R&R, and the structure of Mr. Nelson's pro se brief in opposition, the Court will address each of the Petitioner's objections in seriatim.

### A.  Ground One: Allegation of Suggestive Pre-Trial Photo Array

The Petitioner objects to the Magistrate Judge's recommendation of dismissal of ground one. Petitioner again claims that the pre-trial photo array, through which three individuals separately identified him among six photographs, was suggestive and unreliable. Mr. Nelson also maintains the photo array identification by Mr. Tran, the victim, was unreliable because Mr. Tran was initially unable to identify the photo array as containing the suspect.

Magistrate Baughman's R&R urges dismissal of ground one because the state appeals court reasonably applied clearly established federal law in concluding that the photographic identification was reliable. Upon a de novo review of the record, the Court agrees.

6

The federal law is clear that an identification violates a defendant's right to due process where the identification procedure was so unnecessarily suggestive as to run the risk of irreparable mistaken identification. Howard v Bouchard 405 F. 3d 459, 469 (6th Cir. 2005); see also Neil v. Biggers, 409 U.S. 188, 93 S. Ct. 375, 34 L. Ed.2d 401 (1972). Mr. Nelson bears the burden of showing impermissible suggestiveness. United States v. Hill, 967 F.2d 226, 230 (6th Cir.1992). In considering unnecessary suggestiveness Courts look to the effects of the circumstances of the pretrial identification, not to whether law enforcement officers intended to prejudice the defendant. Thigpen v. Cory, 804 F.2d 893, 895 (6th Cir. 1986). In examining whether the identification procedure was impermissibly suggestive, the "primary evil to be avoided is a very substantial likelihood of irreparable misidentification." Neil, 409 U.S. at 198, 93 S. Ct. 375.

The United States Supreme Court in Neil v. Biggers, supra, considered several factors in evaluating the likelihood of misidentification including "the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation." 409 U.S. 199.

The Petitioner does not meet the necessary burden of establishing impermissible suggestiveness of the photo array. In his objections he does not address any of the Biggers factors, whether they apply, or whether they were unreasonably applied by the state appellate court. Instead, and without substantiation, the Petitioner maintains that impermissible suggestiveness arose because the background in his photograph was

7

different, showing he was outside, unlike the white background of the other five suspects' photographs.

The record shows that the state appeals court made findings of fact under the Biggers test that sustained their determination that the identification was reliable and not "unreasonably suggestive." The state court noted:

> In this case, the photo array consisted of six pictures. All of the pictures had a white background except the picture of defendant, which had an apartment building in the background. On this basis, defendant claimed that the photo array was unduly suggestive. However, the victim repeatedly confirmed his certainty that he made a correct identification. The victim further denied that the background had any impact on his identification. Indeed, when defense counsel cross-examined the victim as to any differences he noticed in the defendant's picture, he began detailing differences in the defendant's features. We also note that the victim refused to identify another suspect as his assailant on the day in question despite the fact that he recognized the vehicle at the scene of the show-up identification to be the same vehicle that he observed during the commission of the offense.

State v. Nelson, (Nelson I) 2003 WL 21419298 (Ohio App. 8 Dist. June 19, 2003) at ¶`16. Citing State v. Browner, 2001 WL 812805 (Ohio App. 4 Dist. May 31, 2001) (concluding that "the fact that [defendant's] photo was the only one with a white background did not make the presentation impermissibly suggestive because there is no evidence that the officer showing the array attached any special significance to the background color or steered the viewers of the array toward an identification of [defendant] solely on the basis of the background").

Mr. Nelson further argues that the identification process was flawed because Mr. Tran did not initially recognize him in the first photo array he was shown. As the United States Supreme Court recognized in Howard, "[a]n earlier failure to identify can be considered in judging the weight of the in-court identification and may be considered as

8

one factor affecting the reliability of the earlier identification. Standing alone, it does not make the earlier identification unreliable under" Biggers.  Howard at 484-85; see United States v. Meyer, 359 F.3d 820 (6th Cir.2004) (allowing in identification despite earlier failure to identify defendant in a photo array).

The state appeals court sustained Mr. Tran's identification as sufficiently reliable under Biggers finding the entire identification process otherwise reliable.  In so doing the state appeals court reasonably relied upon, and applied, federal law.

Accordingly, the Court finds the Petitioner has not shown that the state appeals court's determination was contrary to or that it unreasonably applied clearly established federal law in this instance and will, therefore, deny ground one of the Petitioner's habeas claim.

### B.  Grounds Two and Three: Improper Trial Testimony.

The Petitioner maintains he was not afforded a fair trial due to improper trial testimony in two instances: (1) when a police detective testified about Mr. Nelson's prior criminal history mentioning a "Garfield Heights warrant" (ground two); and (2) when the same police detective implied that a second identification of Mr. Nelson was made by a party not testifying in court but submitting information through Crime Stoppers (ground three).  (State Court Record 4:845-47).

The record indicates that neither testimonial statements were pernicious, both statements were objected to by Mr. Nelson's counsel, and the objections were

9

immediately sustained. After sustaining each objection the trial judge then admonished the jury to disregard the testimony.[4] Id.

The general rule in the Sixth Circuit remains that "[e]rrors by a state court in the admission of evidence are not cognizable in habeas corpus proceedings unless they so perniciously affect the prosecution of a criminal case as to deny the defendant the fundamental right to a fair trial." Kelly v. Withrow, 25 F. 3d 363, 370 (6th Cir.1994) (quoted in Biros v. Bagley, 422 F. 3d 379, 391 (6th Cir. 2005)).

Further, "[b]oth the timing and the firmness of the trial court's admonition are relevant in evaluating whether an admonition has been sufficient to mitigate prejudicial error." United States v. Solivan, 937 F.2d 1146, 1157 (6th Cir. 1991); see also United States v. Galloway, 316 F. 3d 624, 633 (6th Cir. 2003) ("We have held that for a curative admonishment to be sufficient, it must be swift and in proportion to the potential harm.").

In this instance, under the clearly established federal law, the Petitioner has not established he was denied a fundamentally fair trial where the timing of the trial judge

---

[4]The state appeals court reviewed the testimony, making the following observations:
> During direct examination, an officer testified that based on a tip from Crime Stoppers, she obtained photographs and that defendant's photograph was taken during his arrest in connection with a Garfield Heights warrant. In both instances, the defense objected, the court sustained the objections and instructed the jury to disregard the testimony. (Tr. 502-503). In addition, defendant complains that this same witness improperly implied that a non-testifying party made an identification. However, the witness did not indicate who the non-testifying party identified. Again, the defense objected to this particular testimony, the court sustained the objection, and gave a curative instruction. (Tr. 506-508). Consequently, the court did not admit any of this evidence and furthermore instructed the jury to disregard it.

State v. Nelson, 2003 WL 21419298 (Ohio App. 8 Dist. 2003), ¶23.

was both swift and firm in admonishing the jury to disregard the witness's two separate, non-pernicious, statements after Mr. Nelson's defense counsel's objections were sustained.[5]  The Court will deny grounds two and three of Mr. Nelson's habeas petition in finding that the state appeals court did not unreasonably apply clearly established federal law.

**C. Ground Four: Impermissible Comments and Instructions by the Trial Judge.**

In ground four, Mr. Nelson brings forward, and combines, two claims he separately asserted in his direct appeal.  The Court agrees with the Magistrate Judge's analysis that ground four is not, contrary to the state's argument, procedurally defaulted.  In re-stating Mr. Nelson's assertions in ground four of his habeas petition the R&R maintains fidelity with the trial record and the Petitioner's Traverse (Doc. 13).  The Magistrate Judge concisely rendered the twin elements of ground four as follows:

> Nelson asserts first that during voir dire the trial judge recited a hypothetical to the jury by way of explaining that the jury should not take the attorney's comments as evidence, and, in Nelson's view, essentially "recited the court's prediction of the prosecutor's outline of the case, using

---

[5]The Petitioner's ancillary argument that the testimony violated his right to confront a witness under the Sixth Amendment of the United States Constitution is unavailing in this instance.  The Sixth Circuit has recognized that the confrontation clause's "predominant objective-perhaps its only objective-is preventing the admission of testimonial statements against criminal defendants who never had an opportunity to cross examine the declarant." United States v. Franklin, 415 F. 3d 537, 545 (6th Cir. 2005) (citing Crawford v. Washington, 541 U.S. 36, 69-70, 124 S. Ct. 1354, 158 L. Ed.2d 177 (2004)).  Here, Mr. Nelson has failed to demonstrate that the trial court's decision ran afoul of this objective where the testimony was not admitted and the jury was immediately and directly admonished to disregard the statements.  The state appeals court's determination not to treat, as a confrontation clause issue, testimony that was not admitted at trial was a reasonable application of clearly established federal law.

11

prosecutorial language, pointing at [Nelson] and accusing [him] within the context of this 'theoretical' description of the case." This, as noted, was Nelson's fourth assignment of error on direct appeal.

Next, as part of this same habeas claim, Nelson claims that the trial judge also impermissibly instructed the jury by omitting a charge that identified the victim and failed to require that Nelson be found to have a weapon under his control. This aspect of the fourth ground for habeas relief was Nelson's sixth assignment of error on appeal and was earlier not found to have been procedurally defaulted.

(Doc. 22, R&R p. 30 footnotes omitted). The Court shall take, in turn, each of the assertions of error brought by Mr. Nelson.

### 1.  Judge's Comments During Voir Dire.

The Sixth Circuit has directed courts to review habeas claims of judicial bias pursuant to the standard established in Liteky v. United States, 510 U.S. 540 (1994). See Alley v. Bell, 307 F.3d 380, 386 (6th Cir. 2002) (stating that "[t]his court has looked to the Supreme Court's decision in Liteky v. United States to provide the standard for deciding judicial bias claims" under the Due Process Clause). In Lyell v. Renico, 470 F. 3d 1177 (6th Cir. 2006), the Sixth Circuit discussed the Liteky standard as follows:

> Under Liteky, a judge's misconduct at trial may be "characterized as bias or prejudice" only if "it is so extreme as to display clear inability to render fair judgment," so extreme in other words that it "display[s] a deep-seated favoritism or antagonism that would make fair judgment impossible." "[J]udicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases ordinarily do not support a bias or partiality challenge.... [But] they will do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." "[E]xpressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women ... sometimes display," by contrast, do not establish such bias or partiality.

Lyell, 470 at 1186-87 (quoting Liteky v. United States 510 U.S. at 551, 555-556).

In his opposition to the R&R, the Petitioner does not directly address the trial judge's comments regarding voir dire.[6]  Instead Mr. Nelson comments, globally, that "[a]ctual bias has [sic] demonstrated not by judicial rulings alone but by Judge Burt Griffin [sic], personal participation in all development of the trial proceedings."  (Doc. 26 p. 11).

Construing the Petitioner's objection as a bias claim specifically regarding the trial judge's comments during voir dire, the Court finds no evidence of "deep-seated favoritism or antagonism that would make fair judgment impossible."  See Liteky, 510 U.S. 551.  Accordingly, the Court will adopt the Magistrate Judge's recommendation that the state court decision was not contrary to clearly established federal law.

## 2. Judge's Instructions to the Jury

In his objection to the R&R, the Petitioner maintains he was denied due process of law when the trial court failed to fully inform the jury of all the elements of aggravated robbery.  (Doc. 26, p. 12-14).  Specifically, Mr. Nelson argues, as he did upon direct

---

[6]The state appeals court reviewed and disposed of Petitioner's point of error as follows:
> Specifically, defendant complains about the portion of the jury voir dire where the court hypothesized about the State's possible opening statement. The court used this hypothetical to illustrate to the jurors that the attorney's statements are not evidence. Defendant contends that the court wanted the jury to believe the facts of the hypothetical. We disagree. After giving the hypothetical, the court emphasized the need for the jury to decide the case based upon the evidence and the instructions given by the court at the close of evidence and not on what the lawyers "think the evidence is going to be." (Tr. 124). We do not find that the identified comments of the court rise to an abuse of the court's discretion in conducting jury voir dire.

State v. Nelson, 2003 WL 21419298 at ¶27.

appeal, that the court failed to identify against whom the robbery was committed and that the jury must be instructed to find that the Petitioner had a weapon under his control.

The trial court included the following as part of its instruction to the jury regarding count one for aggravated robbery:

> You should find Shawn Nelson guilty of aggravated robbery under count one in this case if the State has proved beyond a reasonable doubt that on or about August 30th, 2001, in Cuyahoga County, Mr. Nelson had on his person a deadly weapon while committing a theft offense and that in the course of that conduct he displayed it.
> If, however, the State has failed to prove beyond a reasonable doubt any one essential element of the crime of aggravated robbery, you should find Mr. Nelson not guilty under count one.
> If your verdict is guilty of aggravated robbery, you should then consider whether the state has proved beyond a reasonable doubt that the deadly weapon displayed was a firearm.
> So you got for count one, that they proved or not proved aggravated robbery which only involved a deadly weapon. If the answer is yes, they proved it, then you get on to is this a firearm or is it not.

(Tr. 980-81).

The standard under which this Court reviews a habeas Petitioner's claim of improper jury instruction is governed by the United States Supreme Court's decision in Estelle v. McGuire, 502 U.S. 62 (1991). The Estelle Court found the only question for a court sitting in habeas review on this issue is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." Estelle, 502 U.S. at 72. Further, Estelle directed courts to consider the instructions as a whole in the context of the trial record and inquire "whether there is a reasonable likelihood that the jury has applied the challenged instruction in a way" that violates the Constitution. Id.

14

(quoting Boyde v. California, 494 U.S. 370, 380, 110 S. Ct. 1190, 1198, 108 L. Ed.2d 316 (1990)).

The state appeals court correctly considered Mr. Nelson's objection to the jury instruction under a standard of plain error because the Petitioner failed to object to the instruction during trial. State v. Nelson, 2003 WL 21419298 at ¶41. Upon reviewing the Petitioner's specific objection and the trial court's jury instructions the state appeals court found the instruction did not constitute plain error. Id. at ¶42. The state appeals court found no constitutional distinction between an instruction regarding the "display" of a deadly weapon, as instructed on, and the "control" of a deadly weapon, in the course of a robbery. Further, with regard to Mr. Nelson's allegation that the court failed to identify against whom the robbery was committed, the state appeals court noted:

> Even if the court had referred to the victim in its instruction on aggravated robbery, the outcome of the trial would not have been clearly different. The undisputed evidence established the identity of the victim of the aggravated robbery and that person testified at trial. There is no evidence in the record challenging the identity of the victim.

Id. at ¶44.

The Court finds that neither of Mr. Nelson's allegations regarding the jury instruction on aggravated robbery, taken in the context of the whole trial, meet the standard under Estelle. The instruction simply did not render the proceedings "fundamentally unfair." Whether the jury found Mr. Nelson "displayed" the firearm during the robbery or had it under his "control," does not amount to a constitutional violation that would have rendered the outcome of the trial differently for Mr. Nelson. Finally, that the alleged victim was not specifically identified in the instruction as the

15

actual victim, in the course of a trial in which the identity of the victim himself was never challenged, cannot amount to a constitutional infirmity.

Accordingly, the Court adopts the Magistrate Judge's recommendations with regard to the fourth ground of Mr. Nelson's habeas petition and finds the decision of the state appeals court was not contrary to clearly established federal law.

### D. Ground Six: Insufficiency of the Indictment

In his sixth ground for relief, the Petitioner objects to the Magistrate Judge's recommendation that the Court deny Mr. Nelson's claim regarding Count Four of the Indictment. The Petitioner maintains the Indictment lacked constitutional sufficiency because it charged him with a third degree felony rather than a fifth degree felony.[7] (Doc. 27 pp. 15-19). Mr. Nelson specifically claims he was denied due process of law when he was sentenced for a felony of the third degree for having a weapon while under disability when the Indictment did not explicitly require the state to prove he had been released from prison or post-release control within five years of the offense.

The law in this Circuit recognizes that a state criminal defendant has a due process right to be informed of the nature of the accusations against him or her. Lucas v. O'Dea, 179 F.3d 412, 417 (6th Cir. 1999). Notice and an opportunity to defend against criminal charges as guaranteed by the Sixth Amendment to the United States

---

[7]Count four of the Indictment charged Mr. Nelson with having a weapon while under disability in violation of O.R.C. 2921.13 and further found that "defendant(s), unlawfully, and knowingly acquired, had, carried, or used a firearm or dangerous ordnance while being under indictment for or been convicted of a felony of violence, to-wit: the said [defendant], with counsel on or about the 6th day of May, 1992, in the Court of Common Pleas of Cuyahoga County, Ohio, Case No. CR 274728, having been convicted of the crime of Aggravated Burglary, in violation of Revised Code R.C. 2911.11 of the State of Ohio."

Constitution are an integral part of the due process protected by the Fourteenth Amendment and therefore apply to state prosecutions.  Cole v. Arkansas, 333 U.S. 196, 201, 68 S. Ct. 514, 92 L. Ed. 644 (1948);  In Re Oliver, 333 U.S. 257, 273, 68 S. Ct. 499, 92 L. Ed. 682 (1948).  "The due process clause of the Fourteenth Amendment mandates that whatever charging method the state employs must give the criminal defendant fair notice of the charges against him to permit adequate preparation of his defense."  Olsen v. McFaul, 843 F.2d 918, 930 (6th Cir. 1988).

The state appeals court found no error in Count Four of the Indictment.  The state appeals court concluded the Indictment was not constitutionally infirm because the Indictment sufficiently complied with Criminal Rule 7,[8] the Petitioner had waived his right to jury trial on Count Four, and Mr. Nelson had stipulated to the prior conviction referenced within the body of Count Four of the indictment.

Upon review of the record, this Court determines the Petitioner received sufficient notice of the charged offense to permit preparation of a defense.  See Olsen v. McFaul, 843 F.2d 918, 930 (6th Cir. 1988).  The Indictment clearly charged Mr. Nelson with having a weapon while under disability, it clearly referenced the earlier conviction, and the Petitioner stipulated to the earlier conviction.

---

[8]Crim. R. 7(B) sets forth the nature and contents of indictments and provides, in part, that the "[t]he indictment shall . . . contain a statement that the defendant has committed a public offense specified in the indictment. . . . The statement may be in the words of the applicable section of the statute, . . . or in words sufficient to give the defendant notice of all the elements of the offense with which the defendant is charged."

Accordingly, the Court will adopt the Magistrate Judge's recommendation and find that the decision of the state appeals court with regard to ground four of the writ was not contrary to clearly established federal law.

### IV. Certificate of Appealability

A certificate of appealability ("COA") may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. Murphy v. Ohio, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. Id. at 467. Each issue must be considered under the standards set forth by the Supreme Court in Slack v. McDaniel, 529 U.S. 473, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). Murphy, 263 F.3d at 467. Consequently, this Court examines the Petitioner's claims pursuant to the Slack standard.

Under Slack, 529 U.S. at 484, 120 S.Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the foregoing reasons, the Court finds that reasonable jurists could not find that this Court's dismissal of Mr. Nelson's habeas claim was debatable or wrong. Thus, the Court will deny Mr. Nelson a certificate of appealability.

Mr. Nelson presented seven grounds for relief in his habeas petition and, before this Court, objected to the Magistrate Judge's recommendations in only five of those seven grounds. Upon de novo review, pursuant to Mr. Nelson's objections to the Magistrate Judge's R&R, this Court denied grounds one, two, and three of the petition

18

finding the state appeals court's denial of relief was not an unreasonable application of clearly established federal law.  Upon further de novo review this Court denied grounds four and six of the petition finding the decision of the trial court and state appeals court not contrary to clearly established federal law.

Upon review pursuant to Slack, this Court further concludes that Mr. Nelson has not established that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong.  Accordingly, pursuant to the standard laid down in Slack, this Court denies a COA for Mr. Nelson's habeas claims.

### V. Conclusion

For the foregoing reasons, this Court denies the Petitioner's objections and adopts Magistrate Baughman's clear and concise R&R.  Accordingly, Mr. Nelson's habeas petition, pursuant to 28 U.S.C. § 2254, is dismissed in part and denied in part, without further proceedings.

IT IS SO ORDERED.

      /s/Lesley Wells  
     UNITED STATES DISTRICT JUDGE

Dated: 25 April 2008